## GEORGE CUNNINGHAM v. STATE.

No. A-3012.    Opinion Filed June 3, 1919.

(181 Pac. 317.)

BURGLARY—Burglary in the First Degree—Information. For information held insufficient to charge the crime of burglary in the first degree, see body of opinion.

*Appeal from District Court, Oklahoma County;*
*John W. Hayson, Judge.*

George Cunningham was convicted of burglary in the first degree and sentenced to serve a term of seven years in the state penitentiary, and he appeals. Reversed and remanded, with instructions.

*Loyal J. Miller*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *W. C. Hall*, Asst. Atty. Gen., for the State.

MATSON, J.  The Attorney General has filed the following confession of error in this case:

"On the 27th day of December, 1916, in the district court of Oklahoma county, state of Oklahoma, plaintiff in error was convicted of the crime of burglary in the first degree, and sentenced to serve a term of seven years in the state penitentiary.  On the 22d day of May, 1917, he lodged in this court his appeal from said judgment of conviction.

"Plaintiff in error was convicted upon an information which reads in words and figures as follows, to wit:

" 'In the District Court in and for Oklahoma County, State of Oklahoma.  The State of Oklahoma, Plaintiff, v. George Cunningham, Floyd Monroe, Knox Atkinson, Defendants.  Information.  (Filed in District Court, Oklahoma County, Oklahoma, May 22, 1917.  James Beaty, Court Clerk, by Cliff Myers, Deputy.)

" 'In the name and by the authority of the state of Oklahoma comes now John Embry, the duly qualified and acting county attorney in and for Oklahoma county, state of Oklahoma, and on his official oath gives the district court in and for said Oklahoma county and state of Oklahoma to know and be informed that heretofore, to wit, on the 2d day of July, A. D. 1916, in Oklahoma county, state of Oklahoma, George Cunningham, Floyd Monroe, Knox Atkinson, whose more full and correct names are to your informant unknown, then and there being, did then and there willfully, unlawfully, and feloniously commit the

crime of burglary in manner and form as follows, to wit: The said defendants George Cunningham, Floyd Monroe, and Knox Atkinson, then and there being, did then and there in the nighttime break and enter a certain building, to wit, a building located at No. 1311 North Barnes street in Oklahoma City, Oklahoma county, state of Oklahoma, then and there occupied by Mrs. Ollie Edwards and her two children as her permanent dwelling; that the said Mrs. Ollie Edwards and her said children were in the building at the time of the offense herein alleged; that the said Mrs. Ollie Edwards then and there had in her possession and then and there owned and held certain personal property consisting of jewels, jewelry, and coins, all of the value of about $800 good and lawful money of the United States; that the said breaking and entering of said building as aforesaid was accomplished by the said defendants, George Cunningham, Floyd Monroe, and Knox Atkinson, by breaking and unfastening a screen and window, the same being a part of said dwelling house, and after so having broken the said window and unfastening said screen window then and there entering through said open window, all of said acts of the said defendants, George Cunningham, Floyd Monroe, and Knox Atkinson, being contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma. John Embry, County Attorney, Oklahoma County. by John Du Marrs, Assistant County Attorney.'

"A demurrer to this information was duly filed and overruled by the court. The information fails to charge that defendant broke into and entered the building with the 'intent to commit some crime.' The information alleges the naked breaking into the building without alleging the breaking into said building with any intent to commit a crime, or that even any crime, larceny, or some other offense, was committed.

"In view of the fact that this information was challenged by a demurrer, it is our opinion that the information upon which plaintiff in error was convicted is fatally de

fective, and that the judgment of the lower court will necessarily have to be reversed."

Burglary in the first degree, of which crime the defendant was convicted, is defined in section 2611, Rev. Laws 1910, as follows:

"Any person who breaks into and enters in the nighttime the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either:

"First. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter, or,

"Second. By breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or,

"Third. By unlocking an outer door by means of false keys or by picking the lock thereof, or by lifting a latch or opening a window, is guilty of burglary in the first degree."

One of the material ingredients of the offense is that the breaking and entering must have been done with intent to commit some crime in the dwelling house. There is no allegation in the information of an intent to commit some crime, neither does the information allege that a larency was committed by said defendants within the dwelling house. Had such an allegation been contained in the information, the inference might have been drawn that the breaking was with intent to steal, but the information above set forth is wholly deficient in that it fails entirely to directly allege any intent to commit some crime or to allege facts from which the inference would necessarily arise that the breaking was with intent to commit some crime.

For these reasons, we think that the confession of error of the Attorney General is well taken, and the cause is reversed and remanded, with instructions to the trial court for further proceedings not inconsistent with this opinion.

Mandate forthwith.

DOYLE, P. J., and ARMSTRONG, J., concur.